UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM SCHAETZ,

    Plaintiff,

v.                 Case No. 17-C-272

PAPER CONVERTING MACHINE COMPANY INC,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Adam Schaetz, proceeding pro se, filed this action against Paper Converting Machine Company Inc. ("PCMC"). Although not entirely clear, the complaint appears to assert claims of employment discrimination, retaliation, and constructive discharge under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). On April 21, 2017, PCMC moved to dismiss Schaetz's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion to dismiss will be granted.

## ALLEGATIONS OF COMPLAINT

The following factual allegations are largely taken directly from Schaetz's complaint and are accepted true for the purpose of the motion to dismiss. *Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). Schaetz, a former employee at PCMC, asserts he was subjected to an overwhelming amount of discrimination and harassment beginning on March 6, 2015. On that day, Jason Messamore, a team leader at PCMC, conducted Schaetz's annual performance review and moved Schaetz from his skilled painter position to an entry level position. Schaetz believes the move

was in retaliation for Schaetz checking the box which indicated that he had concerns with his review. (ECF No. 1-2 at 1.)

Schaetz alleges he was subjected to unwelcome conduct on a daily basis while at PCMC, including Messamore calling him and other co-workers "homos" and other derogatory terms. He expressed his concerns about Messamore and the possible retaliation to human resources on March 24, but Schaetz claims this only resulted in more ridiculing and retaliation. Schaetz asserts he was given three write-ups within a span of 21 days despite never being written-up before, that supervisors harassed him at his son's doctor appointment, and that supervisors called and emailed his wife to threaten his employment. Schaetz includes in his complaint a right to sue letter from the United States Equal Employment Opportunity Commission ("EEOC") dated December 1, 2016, but does not include the original charge of discrimination or the bases upon which he filed his claim with the EEOC. (ECF No. 1-1.)

Schaetz claims he was constructively discharged on January 4, 2017 because "[a]fter more threats to be fired, more discrimination, and more intense harassment, creating such a hostile work environment[,] I felt I could no longer work there for the well being of my family and I." [sic] (ECF No. 1 at 3.) He then filed this action on February 27, 2017.

## ANALYSIS

PCMC moved to dismiss Schaetz's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must

2

contain factual allegations that "raise a right to relief above the speculative level." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). In addition, the court construes *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

**A. Discrimination and Retaliation Claims**

Although the complaint alleges a history of harassment and despicable conduct by supervisory personnel at PCMC, a crucial element to a claim under Title VII is missing. There is no allegation that the harassment and intimidating behavior was on account of Schaetz' sex, race, ethnic origin, religion, or the other categories protected by Title VII. Nor is there any allegation that Schaetz suffered retaliation for opposing any policy or practice prohibited by Title VII. These omissions are fatal. Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Retaliation under Title VII occurs when a plaintiff suffers an adverse employment action "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). To demonstrate a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse

3

employment action: and (3) there is a casual link between the protected activity and the adverse action. *See Sweeney v. West*, 149 F.3d 550, 555 (7th Cir. 1998) (citing *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 483 (7th Cir. 1996)).

Schaetz's complaint asserts he experienced numerous instances of harassment and discrimination while he was employed at PCMC. The complaint also alleges that he experienced several adverse employment actions, such as losing his skilled painter position and being excluded from overtime opportunities. However, his complaint simply fails to allege that he suffered any adverse action on account of his membership in a protected class or that he experienced retaliation in response to opposing discrimination on the basis of a protected class. The complaint utterly fails to provide the defendant with the kind of notice Rule 8(a)(2) requires. Schaetz therefore fails to plausibly assert a discrimination, harassment, or retaliation claim under Title VII.

**B. Constructive Discharge Claim**

The complaint suffers an additional problem with respect to the constructive discharge claim. It appears clear that Schaetz failed to exhaust his administrative remedies as to such a claim before filing his lawsuit. Before a plaintiff can challenge an unlawful employment practice under Title VII, the employee must first exhaust his administrative remedies. *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008); *see also* 42 U.S.C. §§ 2000e–5(e)(1), 2000e–(f)(1). Exhaustion of administrative remedies occurs when the employee files a timely charge of discrimination with the EEOC and then secures a right to sue letter from the EEOC with respect to the timely charge. *Id.* "[C]laims brought in judicial proceedings must be within the scope of the charge filed with the EEOC; '[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.'" *Conner v. Ill.*

*Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (quoting *Rush v. McDonald's Corp*, 966 F.2d 1104, 1110 (7th Cir. 1992)); *see also Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 303, n. 2 (7th Cir. 2004) ("Herron's EEOC charges in February and April 2000 described racial discrimination, retaliation, and harassment, not constructive discharge. As the district court found, the four-month delay between his February EEOC complaint and his decision to leave was inconsistent with notice of constructive discharge. Since the charges contained in the EEOC complaint were not 'like or reasonably related to' his EEOC allegations, Herron cannot proceed under Title VII on a constructive discharge claim.").

There is nothing in the complaint that indicates whether Schaetz has exhausted his administrative remedies on the constructive discharge claim. In support of its motion to dismiss, however, PCMC filed Schaetz's EEOC Charge dated January 26, 2016.[1] (ECF No. 12-1.) Schaetz raised claims of sex-based discrimination and retaliation in violation of Title VII with the EEOC, but did not claim constructive discharge. He did not claim that the alleged discrimination and harassment was continuing and instead noted that it only occurred from March 26, 2015 until November 10, 2015. Additionally, Schaetz received his right to sue letter from the EEOC on December 1, 2016—more than a month before he claims he was constructively discharged. Schaetz does not dispute that he has not filed any additional complaints with the EEOC since he left PCMC in January 2017. In short, it is clear that Schaetz has not attempted to exhaust his administrative remedies on his constructive discharge claim. The constructive discharge claim will be dismissed.

---

[1] A court may take judicial notice of an EEOC charge as a matter of public record when addressing a motion to dismiss without converting the motion to a motion for summary judgment. *See Faibisch v. University of Minnesota*, 304 F.3d 797, 802–03 (8th Cir. 2002).

## CONCLUSION

For the reasons given above, PCMC's motion to dismiss (ECF No. 10) is **GRANTED** and the complaint is dismissed. I cannot say the plaintiff is unable to state a Title VII claim, however, so the dismissal is without prejudice. The Clerk is directed to enter judgment in the event an amended complaint curing the defects noted above is not filed within 30 days.

**SO ORDERED** this  24th  day of May, 2017.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court