UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM J. SCHAETZ,

       Plaintiff,

v.                                                   Case No. 17-C-272

PAPER CONVERTING MACHINE COMPANY INC.,

       Defendant.

## ORDER OF DISMISSAL

Adam Schaetz filed this pro se action against his former employer, Paper Converting Machine Company, Inc. (PCMC), alleging employment discrimination. This case is now before the court on PCMC's request for dismissal with prejudice for Schaetz's failure to comply with the court's order granting PCMC's motion to compel. ECF No. 32 at 2. For the reasons that follow, PCMC's motion will be granted.

The case was last before the court back in October on PCMC's motion to compel Schaetz to respond to the Interrogatories and Requests to Produce it had served on him on August 15, 2017. ECF No. 24. PCMC asserted that Schaetz had provided meritless objections to PCMC's discovery requests and refused to confer with its attorneys other than in writing when they attempted to reach a resolution that would not involve the court. PCMC filed its motion on October 2, 2017, under Civil L.R. 7(h), meaning Schaetz was required to file his response within seven days. Assuming Schaetz would file a timely response, the court scheduled a hearing on the motion for October 26, 2017. On October 18, Schaetz filed a motion to adjourn on the ground that he had child care

responsibilities and could not appear in person. ECF No. 27. The court removed the case from the calendar and proceeded to decide the motion on the record.

In a decision issued on October 19, 2017, the court granted PCMC's motion. ECF No. 29. Noting Schaetz had failed to file a timely response, the court concluded that PCMC's motion could be granted for that reason alone. ECF No. 27 at 2 (citing Civil L.R. 7(d)). The court nevertheless proceeded to address PCMC's motion on the merits and found his objections without merit. *Id.* The court further held, "Schaetz's refusal to provide the basic information requested by the defendants in their discovery requests and his refusal to confer with them before forcing them to file their motion to compel is inexcusable." *Id.* at 3. It thereupon granted the motion to compel and ordered Schaetz to respond to the defendant's discovery requests within ten days of the date of the order. The court explicitly warned Schaetz that failure to comply "may result in the dismissal of his lawsuit with prejudice." *Id.* Finally, the court also awarded PCMC its reasonable expenses in bringing the motion, including reasonable attorneys fees, subject to Schaetz's right to object within ten days and show cause why fees should not be imposed. *Id.*

On October 27, 2017, Schaetz filed a request for relief from the award of attorney fees, explaining that he "had already supplied the defendants with everything they had asked for plus more before they filed their motion to compel" and reiterating that he has "always been more than willing to participate in a meaningful discovery." ECF No. 30. The court ordered PCMC to respond. ECF No. 31. In its response, PCMC contends that not only did Schaetz fail to offer a reason not to impose attorneys fees, but he still has not provided proper responses to PCMC's discovery requests. PCMC therefore asks the court not only to enforce its award of reasonable attorney fees but also to dismiss this action with prejudice. ECF No. 32. PCMC notes that while Schaetz did serve his

2

response within ten days of the court's order, his new responses once again consisted of boilerplate objections.

PCMC's request for dismissal will be granted. Schaetz waived any new objections to PCMC's interrogatories by failing to assert them earlier. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). A party does not get to try one set of objections and, if the court doesn't buy them, come back later with another set. Schaetz was told in clear and unequivocal terms to answer the questions. He did not do so.

Even aside from the question of waiver, Schaetz's new objections are as meritless as the last set. For example, in response to Interrogatory No. 1, which directs him to "Identify any and all individuals with knowledge of any discoverable information concerning any of the claims raised in the Complaint," Schaetz responded:

> A) INFORMATION ALREADY SUPPLIED - Plaintiff objects to this discovery request because the information requested by the Defendant had already been supplied to the Defendant by other methods. B) INFORMATION AVAILABLE TO REQUESTING PARTY - Plaintiff objects to this discovery request. This information is readily or equally available to the Defendants as it is to the Plaintiff. If a moving party can obtain the documents or information without resort to discovery no cause exists for requesting the discovery.

ECF No. 33-1 at 1.

Neither objection has merit. Nowhere does Schaetz say where, when, or by what method he has already supplied the information requested. If he means his Rule 26(a)(1) initial disclosures, the information called for by Interrogatory No. 1 is not the same. Rule 26(a)(1) requires the disclosure of the name, address and telephone number of the individuals with discoverable information, along with the subjects of that information, "that the disclosing party may use to support

3

its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(I). The challenged Interrogatory seeks the name of people with "any discoverable information," whether they support the plaintiff's claim or, even more importantly, do not support it.

As for Objection B, the interrogatory calls for Schaetz's knowledge of the evidence in his case. Schaetz's knowledge of the evidence may be right or wrong, true or false, but PCMC certainly has a right to discover it and there is no other way PCMC can learn what evidence he thinks he has than by getting it from him. To refuse to answer because PCMC has equal access to the information is absurd. Yet, Schaetz interposed the same or similarly meritless objections to each of PCMC's Interrogatories and Requests for Production. ECF Nos. 33-1, 33-2.

I recognize that dismissal is a harsh sanction and should not be ordered lightly. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) ("Dismissal is a very harsh sanction, however, and should be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'") (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir.1998)). I also recognize that Schaetz is pro se, though he claims to have consulted with an attorney. ECF No. 33-1 at 4. At the same time, dismissal is an essential tool available to district courts "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). And filing a case pro se is not a license to ignore the Rules of Civil Procedure and orders of the court, and thereby increase the costs of defense and possibly the settlement value of the case.

Rule 1 of the Federal Rules of Civil Procedure instructs district courts that all of the rules "should be construed, administered, and employed by the court and the parties to secure the just,

speedy, and inexpensive determination of every action and proceeding." Allowing this case to proceed would frustrate every one of those goals. By failing to properly respond to PCMC's discovery requests in a timely manner, Schaetz has delayed the case and forced PCMC to unnecessarily incur attorneys fees and costs in attempting, first informally, and then by motion, to compel him to respond to its lawful discovery requests. The court found no merit to Schaetz's objections and ordered him to provide responses to PCMC within ten days, warning him that he risked dismissal if he did not comply. PCMC was then forced to incur additional attorneys fees when Schaetz again failed to answer its discovery requests and simply exchanged the earlier objections he had interposed with new ones that had no more merit. To allow Schaetz, pro se or not, to continue to delay the case and unnecessarily increase the costs PCMC must incur in its defense is not just. Ordering Schaetz to pay additional attorneys fees is unlikely to have any impact since Schaetz claims he is unable to pay them in any event.

Lastly, I have considered the merits of Schaetz's case to the extent I am able to discern them from the record as it now stands. Schaetz initially filed his complaint by mistake in the Milwaukee division almost a year ago on February 27, 2017. It was first assigned to a magistrate judge, but then reassigned to a district judge after PCMC refused to consent to magistrate judge jurisdiction. The district judge to whom it was assigned then transferred it to the Green Bay division on April 28, 2017. In the meantime, PCMC had filed a motion to dismiss the complaint because, even though Schaetz alleged his employer discriminated against him, he failed to allege any unlawful basis on which the alleged discrimination occurred. The court granted PCMC's motion on May 24, 2017, with leave to amend within thirty days. Schaetz then filed an amended complaint on June 19, 2017, alleging the discrimination was on account of his sex (male) and perceived sexual orientation. He

5

has also supplemented the record with CDs containing surreptitious recordings he made of co-employees and supervisors while working at PCMC that he contends support his claims of discrimination. While I have not taken the time to listen to all of the CDs (he submitted five), the one conversation I did listen to is of a male supervisor listening to Schaetz and the male co-employee he claims was tormenting him complain about each other. The supervisor can be heard telling them both that he didn't believe either one of them, and that they needed to learn to get along and do their jobs. Neither in the recording I listened to, nor in any Schaetz has identified is there evidence of discrimination against Schaetz because of his sex or perceived sexual orientation. In other words, Schaetz's case has all the earmarks of an extortionate lawsuit. For this reason, too, I conclude that dismissal is appropriate.

Accordingly, and for the reasons set forth above, this case is ordered dismissed on its merits and with prejudice pursuant to Fed. R. Civ. P. 37(d)(3). The Clerk is directed to enter judgment of dismissal forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 22nd day of January, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court